IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

BABA T. ABDULAIH,

     Plaintiff,

v.

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY

     Defendant.

---

## NOTICE OF REMOVAL

---

The Defendant, Allstate Fire & Casualty Insurance Company ("Allstate"), through its attorneys, Tucker Holmes, P.C., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal to the United States District Court for the District of Colorado. In support thereof, Allstate states as follows:

1.     On April 25, 2018, the CT Corporation, as registered agent for Allstate, was served with Plaintiff's Complaint filed in the District Court, Denver County, State of Colorado, captioned, *Baba T. Abdulaih v. Allstate Fire & Casualty Insurance*, case number 2018CV31275. (See, *Complaint*, attached hereto as **Exhibit A**.)

2.     Plaintiff, Baba T. Abdulaih (hereinafter "Abdulaih"), filed his Complaint in Denver County District Court on or about April 10, 2018.

3.     At all relevant times, Abdulaih was a citizen of the State of Colorado. (See **Exhibit A**, ¶ 1.)

4.       A copy of the Summons and Civil Case Cover Sheet served on Allstate are attached hereto as **Exhibit B** and **Exhibit C**.

5.       At all relevant times, Allstate was a foreign corporation, incorporated in, and with its principal place of business in the State of Illinois.  Allstate is now and was at all relevant times a citizen of the State of Illinois for purposes of diversity jurisdiction.

6.       The underlying event for this case is a motor vehicle accident involving Abdulaih on September 15, 2015.  (See **Exhibit A, ¶¶** 4-7; hereinafter "the Accident").  Abdulaih alleges that he was travelling eastbound on Smith Road, in Denver County, when an underinsured driver failed to stop for traffic and struck Plaintiff's vehicle. (See **Exhibit A, ¶¶** 4-7.)

7.       Abdulaih claims he is entitled to be compensated for all damages he has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability.  (See, **Exhibit A**, ¶ 25)

8.       When the complaint itself does not set forth the amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence.  *WBS Connect, LLC v. One Step Consulting, Inc.* L 4268971, 2 -3 (D.Colo. 2007).  Defendants must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000.  *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

9.        Besides the Complaint, there is other documentation a defendant may rely on for the basis of jurisdiction.  *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008).  A plaintiff's proposed settlement demand is reasonable evidence of the amount in controversy if it reflects a reasonable estimate of plaintiff's claim.  *Id.*  While the use of a settlement demand at trial is impermissible, the court may consider such a demand when deciding this jurisdictional

question. *Id.*

10.   On September 28, 2016, Abdulaih made a demand to Allstate, indicating Abdulaih had medical expenses of $83,476.86 and demanding payment of the "benefits owed at this time." (See, **Exhibit D**, September 28, 2016 Demand Letter.)

11.   Abdulaih's Allstate Policy has UIM limits of $50,000 per person/$100,000 per accident.

12.   Abdulaih and Allstate do not agree on the value of his claim for UIM benefits.

13.   In his Complaint, in addition to his claimed injuries and damages set forth above, DeHaan also seeks expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, and post-judgment interest at the requisite rate. (See, **Exhibit A**, "Wherefore Clause," p. 4.)

14.   Pursuant to the Colorado Court of Appeals case, *Hansen v. American Family Mut. Ins. Co.*, *Hansen v. Am. Fam. Mut. Ins. Co.*, 383 P.3d 28 (Colo. App. 2013), *rev'd on other grounds,* 375 P.3d 115 (Colo. 2016), if Plaintiff proves his damages are equal to or exceed his $50,000 policy limits, and those benefits were unreasonably delayed and denied, he is entitled to collect the policy limits of $50,000, plus two times the covered benefit, equaling a total of $150,000.   Thus, pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, Plaintiff's allegation that Defendant has delayed or denied the payment of benefits without a reasonable basis meets the jurisdiction threshold on its own.

15.   Attorney's fees may be used in calculating the necessary jurisdiction amount in a removal proceeding when recovery is permitted by statute. *See, Jones v. American Bankers Ins. Co. of Florida*, 2011 WL 2493748, *4 (D.Colo. 2011).

16.     Plaintiff's Civil Case Cover Sheet also indicates his claim seeks a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs. (See, **Exhibit C**, District Court Civil Case Cover Sheet.)  The Tenth Circuit has held that the District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000.  *Paros Properties LLC v. Colorado Cas. Ins. Co.*, No. 15-1369, 2016 WL 4502286, at *6 (10th Cir. Aug. 29, 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply)."

17.     Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal.  Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

18.     Pursuant to 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between citizens of different states."

19.     Further, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business . . . ."

-4-

20.     Jurisdiction of this Court is properly based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

21.     Since Plaintiff's Complaint was served on April 25, 2018, the time period for allowance of removal has not expired.

22.     Defendant's Answer to Plaintiff's Complaint is attached hereto as **Exhibit E**.

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Denver County District Court to the United States District Court of Colorado.


DATED:  May 16, 2018

                              Respectfully submitted,

                    By:   *s/ Kurt H. Henkel*
                          Kurt H. Henkel
                          TUCKER HOLMES, P.C.
                          Quebec Centre II, Suite 300
                          7400 East Caley Avenue
                          Centennial, CO  80111-6714
                          Phone:  (303) 694-9300
                          Fax:  (303) 694-9370
                          E-mail: khh@tucker-holmes.com
                          *Attorneys for Allstate Fire & Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Tonya L. Melnichenko
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Aurora, CO  80014
melnichenkot@fdazar.com
*Attorney(s) for Plaintiff*

*The duly signed original held in the file located at Tucker Holmes, P.C.*

  /s/ Kurt H. Henkel
Kurt H. Henkel