| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, COLORADO<br>Court Address: 1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: April 10, 2018 7:32 PM<br>FILING ID: 75B44A2EB3739<br>CASE NUMBER: 2018CV31275 |
| Plaintiff:   Baba T. Abdulaih<br><br>v.<br><br>Defendant:   Allstate Fire & Casualty Insurance | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff<br>Tonya L. Melnichenko, #32152<br>DezaRae D. LaCrue, # 40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number:   (303) 757-3206<br>E-Mail:        melnichenkot@fdazar.com<br>lacrued@fdazar.com | Case No.<br><br>Division: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

Plaintiff, by and through his attorneys, Franklin D. Azar and Associates, P.C., for his Complaint against the Defendant, states and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is an individual and resident of the State of Colorado.
2. Defendant Allstate is a corporation doing business in Colorado.
3. Venue is proper in this action pursuant to C.R.C.P. 98 (c).
4. On September 15, 2015, Plaintiff was traveling eastbound in lane one on Smith Road.
5. Traffic on Smith Road had slowed to a stop.
6. Mr. Abdulaih stopped with traffic.
7. An underinsured driver directly behind Mr. Abdulaih failed to stop causing the collision.
8. Mr. Abdulaih did not cause or contribute to the cause of the collision.
9. The underinsured driver's failure to stop with traffic caused injuries, damages and losses to Mr. Abdulaih.

EXHIBIT  A

10. Mr. Abdulaih suffered injuries resulting in physical impairment.

11. Mr. Abdulaih incurred medical expenses related to his injuries sustained in the collision.

12. Mr. Abdulaih has suffered a sever neck injury, that required surgery, related to the collision.

13. Mr. Abdulaih will require future medical care and will incur expenses for medical care and pharmacy expenses.

14. Defendant Allstate has unreasonably reduced Mr. Abdulaih's medical bills.

15. Defendant Allstate failed to investigate the cost of Mr. Abdulaih's future medical expenses.

16. Defendant Allstate failed to include all elements of future losses in Mr. Abdulaih's claim.

17. Defendant Allstate failed to timely and appropriately investigate Mr. Abdulaih's claims for underinsured motorist benefits.

18. Defendant Allstate's incomplete and inadequate investigation has resulted in delay of payment for his underinsured motorist benefits.

19. Allstate's failures fail to meet the standards set for Allstate in its own claim handling manual.

20. Allstate has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

## FIRST CLAIM FOR RELIEF
**(BREACH OF CONTRACT-UIM BENEFITS)**

21. Plaintiff incorporates all prior allegations as though fully set forth herein.

22. Sometime prior to the collision, Plaintiff, entered into a contract with Defendant Allstate for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving under-insured motorists. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant Allstate.

23. Plaintiff has advised Defendant Allstate of a claim for under-insured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant Allstate in connection with the claim.

24. Plaintiff is an intended beneficiary of Defendant Allstate's insurance policy/contract and is therefore entitled to enforce its terms.

25. Plaintiff is entitled to be compensated by Defendant Allstate for all damages he has incurred, including significant medical bills and other expenses, pain, suffering, loss of enjoyment of life, loss of earning capacity, permanency, physical impairment, and disability, under the under-insured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
### (FIRST PARY STATUTORY CLAIM UNDER C.R.S. § 10-3-1116)

26. Plaintiff incorporates all prior allegations as though fully set forth herein.

27. Defendant Allstate has denied and delayed payment of under-insured motorist benefits to Plaintiff without a reasonable basis for its action.

28. Defendant Allstate's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to him and which Defendant should have previously paid to him.

29. In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant Allstate two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (BAD FAITH)

30. Plaintiff incorporates all prior allegations as though fully set forth herein.

31. Defendant Allstate owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling her claims.

32. Defendant Allstate breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    (a) Compelling this Plaintiff to institute litigation to recover amounts due to him under the under-insured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;
    (b) Favoring the interests of Allstate, an insurer, over those of Plaintiff, an insured, to whom Defendant Allstate owes fiduciary and statutory duties;
    (c) Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an under-insured motorist;
    (d) Failing to investigate Plaintiff's future medical expenses;

     (e)    Failing to consider the full amount of Plaintiff's medical bills;
     (f)    Failing to input full and accurate information into Colossus for evaluation of Plaintiff's non-economic damages; and
     (g)    Incompetently evaluating Plaintiff's claim.

33. Defendant Allstate's actions were unreasonable.

34. Defendant Allstate knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

35. As a direct result of Defendant's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

    a. Being forced to incur additional costs in litigation;
    b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and
    c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment which should have been paid by now.

WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully, submitted on this 10th day of April, 2018

                                              FRANKLIN D. AZAR & ASSOCIATES, P.C.

                                              *s/Tonya L. Melnichenko*
                                              Tonya L. Melnichenko, #32152
                                              ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
**760 Fulton Street**
**Aurora, CO 80010**